UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEVIN VERTEFEUILLE, | : | |
| Plaintiff, | : | |
| | : | PRISONER CASE NO: |
| v. | : | 3:07-cv-323 (JCH) |
| | : | |
| HOUDE, | : | MARCH 31, 2008 |
| Defendant. | : | |

**RULING RE: PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [Doc. No. 23]**

Plaintiff seeks a preliminary injunction ordering defendant to deliver his legal mail sooner than five days after the postmark date. For the reasons that follow, plaintiff's motion for preliminary injunction will be denied.

To prevail on his Motion for Preliminary Injunction, plaintiff must establish: (1) either (a) a likelihood of success on the merits of its case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in its favor, and (2) a likelihood of irreparable harm if the requested relief is denied." Time Warner Cable, Inc. v. DIRECTV, Inc., 497 F.3d 144, 152-53 (2d Cir. 2007).

Plaintiff's request for preliminary injunctive relief concerns his right of access to the courts. To prevail on such a claim, he must show that defendant acted deliberately and maliciously and that he suffered an actual injury. See Lewis v. Casey, 518 U.S. 343, 353 (1996)). To establish an actual injury, plaintiff must demonstrate that defendant took or was responsible for actions that hindered his efforts to pursue a legal claim, prejudiced one of his existing actions, or otherwise actually interfered with his access to the courts. Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 2002)). For example, plaintiff would have suffered an actual injury if "a complaint he prepared was

dismissed for failure to satisfy some technical requirement which, because of the deficiencies in the prison's legal assistance facilities, he could not have known," or he was unable to file a complaint alleging actionable harm because the legal assistance program was so inadequate. Lewis, 581 U.S. at 351.

Plaintiff states that the delay in delivery is interfering with his ability to oppose motions filed by defendant. The only examples cited is the fact that he was deposed before he received the court's ruling granting the motion for leave to depose and that he received the court's Order that defendant respond to his first Motion for Preliminary Injunction on February 11, 2008. The Order required a response be filed by February 13, 2008. The court can discern no prejudice from these examples.

Further, in response, counsel states that she would not object to a reasonable request for extension of time as a result of late delivery of a motion or court order. An inmate's conclusory assertion that he suffered prejudice is insufficient to establish an access to courts claim. Arce v. Walker, 58 F. Supp. 2d 39, 44 (W.D.N.Y. 1999) (citing Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999)). Plaintiff has identified no prejudice suffered as a result of receiving legal mail five days after the postmark date.

Accordingly, plaintiff's Motion for Preliminary Injunction [**Doc. No. 23**] is **DENIED**. **SO ORDERED**.

Dated this 31st day of March 2008, at Bridgeport, Connecticut.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge